# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID DOBBS, INDIVIDUALLY, AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>WOOD GROUP PSN, INC., AN UNKNOWN ENTITY,<br><br>　　　　　　Defendant. | Case No. 1:16-CV-00838-LJO-JLT<br><br>MEMORANDUM DECISION AND ORDER GRANTING PLAINTIFF'S MOTION TO REMAND AND DENYING AS MOOT DEFENDANT'S MOTION TO DISMISS.<br><br>(Docs. 5, 6) |

Before the Court is Plaintiff David Dobbs' Motion to Remand, filed June 23, 2016 (Doc. 6). On July 19, 2016, Defendant The Wood Group PSN, Inc. ("The Wood Group") timely filed its Opposition (Doc. 12), and Plaintiff timely filed a Reply (Doc. 14). Also pending before the Court is Defendant The Wood Group's Motion to Dismiss, also filed June 23, 2016 (Doc. 5), to which Plaintiff filed his Opposition on July 18, 2016 (Doc. 11), and Defendant timely filed a Reply (Doc. 13). The Court has deemed the matters appropriate for resolution without oral argument. *See* E.D. Cal. Civ. L.R. 230(g); *see* Docs. 15, 16. Having considered the record in this case, the parties' briefing, and the relevant law, the Court will grant Plaintiff's motion to remand and deny as moot Defendant's motion to dismiss for the reasons set forth below.

## BACKGROUND

This is a wage and hour case arising out of David Dobbs' employment at The Wood Group. On May 12, 2016, Plaintiff Dobbs filed a complaint in the Superior Court of the State of California for the County of Kern alleging six causes of action on behalf of himself and similarly situated individuals: (1) Violation of California Labor Code[1] Sections 226.7 and 512 (Unpaid Meal and Rest Premiums); (2) Violation of Labor Code Sections 510 and 1194 (Unpaid Overtime and Minimum Wages); (3) Violation of Labor Code Section 203 (Waiting Time Penalties); (4) Violation of Labor Code Section 226 (Non-compliant Wage Statements); (5) Violation of Labor Code Section 2802 (Failure to Reimburse Business Expenses); and (6) Violation of Business and Professions Code Section 17200, et seq. (Unfair Competition/Unfair Business Practices). *See generally* Doc. 1-1, Complaint ("Compl."), ¶¶ 26-56. The facts are otherwise known to the parties and need not be repeated here.

In his Complaint, Plaintiff did not specify a damages amount. *See generally* Compl. On June 16, 2016, based on its assertion[2] that the requisite amount in controversy to create diversity jurisdiction pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. Section 1332(d), exceeds $5 million and thus is satisfied, Defendant removed the case to this Court. *See* Doc. 1. By his motion to remand, filed June 23, 2016 (Doc. 6), Plaintiff challenges the sufficiency of Defendant's evidence, arguing that, under *Ibarra v. Manheim Investments, Inc.,* 775 F.3d 1193, 1197 (9th Cir. 2015), Defendant's showing is inadequate to meet its burden of showing that the amount in controversy exceeds the amount required under Section 1332(d).

## LEGAL STANDARD

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). "To remove a case from state court to federal court, a defendant must file in

---

[1] Hereinafter, unless otherwise noted, all references to "Code Sections" are to those of the State of California.
[2] Record evidence includes the following: a declaration from Marsha Houston, a Payroll Lead employed by Wood Group Mustang, Inc., a subsidiary of Wood Group, Inc., which itself is the parent company of Defendant Wood Group PSN, Inc. (*see* Houston Decl., Doc. 12-1 at 2, ¶ 2); an apparent list of employees by employee number, the employees' full- or part-time status, and pay rate (*see* Doc. 12-2); and, timekeeping reports (*see* Doc. 12-3). Defendant asserts that the reports are business records kept in the ordinary course of business. *See* Houston Decl., Doc. 12-1 at 3:10-11.

the federal forum a notice of removal 'containing a short and plain statement of the grounds for removal.'" *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S.Ct. 547, 551 (2014) (quoting 28 U.S.C. § 1446(a)). However, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

CAFA vests federal courts with "jurisdiction over certain class actions, defined in § 1332(d)(1), if the class has more than 100 members, the parties are minimally diverse, and the amount in controversy exceeds $5 million." *Dart*, 135 S.Ct. at 551 (quoting § 1332(d)(2), (5)(B)). "[U]nder CAFA[,] the burden of establishing removal jurisdiction remains, as before, on the proponent of federal jurisdiction." *Abrego Abrego v. The Dow Chem. Co.,* 443 F.3d 676, 685 (9th Cir. 2006) (per curiam).

"If the plaintiff's complaint, filed in state court, demands monetary relief of a stated sum, that sum, if asserted in good faith, is 'deemed to be the amount in controversy.'" *Dart*, 135 S.Ct. at 551 (quoting 28 U.S.C. § 1446(c)(2)). "When plaintiff's complaint does not state the amount in controversy, the defendant's notice of removal may do so." *Id.* (quoting 28 U.S.C. §1446(c)(2)(A)); *see also Abrego,* 443 F.3d at 683.

Under CAFA, there is no presumption against removal. *Id.* at 554. "Where facts are in dispute, the statute requires district courts to make factual findings before granting a motion to remand a matter to state court." *Mondragon v. Capital One Auto Fin.,* 736 F.3d 880, 883 (9th Cir. 2013). On a plaintiff's motion to remand, it is a defendant's burden to establish jurisdiction by a preponderance of the evidence. *Dart*, 135 S.Ct. at 553-54; *Rodriguez v. AT & T Mobility Serv's. LLC,* 728 F.3d 975, 978 (9th Cir. 2013).

In proving the amount in controversy, "[t]he parties may submit evidence outside the complaint, including affidavits or declarations, or other summary-judgment-type evidence relevant to the amount in controversy at the time of removal." *Ibarra,* 775 F.3d at 1197 (citation and internal quotation marks omitted). The parties submit summary-judgment style evidence and using the preponderance standard "the court decides … whether the amount-in-controversy requirement has been satisfied." *Dart*, 135 S.Ct. at 554; *see also Ibarra*, 775 F.3d at 1199-1200. Thus, "'removal...is proper on the basis of [an] amount in controversy asserted' by the defendant 'if the district court

3

finds," using the preponderance standard, "that the amount in controversy exceeds' the jurisdictional threshold." *Id.* at 553 (quoting 28 U.S.C. § 1446(c)(2)(B)). When a party relies on a chain of reasoning that includes assumptions, those assumptions must be reasonable. *Ibarra*, 775 F.3d at 1199 (assumptions "cannot be pulled from thin air but need some reasonable ground underlying them"). A defendant cannot establish removal jurisdiction by mere speculation, or prove the requirement on the basis of unreasonable assumptions. *Id.* at 1197.

## DISCUSSION

The parties do not dispute that the first two requirements of § 1332(d) are satisfied. Thus the single question put to the Court in Plaintiff's motion to remand is whether Defendant has proven the amount-in-controversy requirement. *See* Pl. Mtn. to Remand, Doc. 6 at 5-12; Def. Oppo., Doc. 12 at 3:27-28, 4:1-3. The Court first proceeds to answer that potentially dispositive question before turning to Defendant's motion to dismiss.

Plaintiff contends that Defendant failed to provide competent evidence to prove that the amount in controversy exceeds $5 million, whereas Defendant contends that jurisdiction is proper because it has established by a preponderance of the evidence that the amount in controversy exceeds $5 million. Defendant emphasizes that Plaintiff did not counter its evidence.

Where the complaint contains generalized allegations of illegal behavior, a removing defendant must supply "real evidence" grounding its calculations of the amount in controversy. *Ibarra,* 775 F.3d at 1199. Generally, the spectrum of similar cases has two end-points: the Ninth Circuit distinguishes between complaints of "uniform" violations and those alleging a "pattern and practice" of labor law violations. *LaCross v. Knight Transp. Inc.*, 775 F.3d 1200, 1202 (9th Cir. 2015).

About the first type, where a plaintiff's complaint specifically alleges a "uniform" practice, if a defendant in its amount-in-controversy calculus assumes a 100 percent violation rate *and* the plaintiff offers no competent evidence in rebuttal to a defendant's showing, courts have found a defendant's assumption to be reasonable. *See, e.g., Amaya v. Consol. Container Co., LP*, No. 215CV03369SVWPLA, 2015 WL 4574909, at *1–2 (C.D. Cal. July 28, 2015) (citing *Unutoa,* 2015 WL 898512, at *2-3); *see also Ibarra,* 775 F.3d at 1199 (suggesting that an allegation that the

1 defendant "universally, on each and every shift" would be sufficient to ground an assumed 100%
2 violation rate). *Dart* and *Ibarra* illustrate that a defendant is required to show more than an assumed
3 universal violation rate, but is not required to provide extensive business documents to prove the
4 amount in controversy to a legal certainty. *See Dart*, 135 S. Ct. at 554; *Ibarra,* 775 F.3d at 1199;
5 *see also Unutoa v. Interstate Hotels and Resorts, Inc.,* No. 2:14-cv-9809–SVW–PJW, 2015 WL
6 898512, at *3 (C.D.Cal. Mar. 3, 2015).

7 In contrast, about the second type of case where, rather than universal, a plaintiff alleges a
8 "pattern and practice" of labor violations, the Ninth Circuit has found that a defendant's assumption
9 of a 100 percent violation rate would be unreasonable. *Id.* at 1198-99 ("a 'pattern and practice' of
10 doing something does not necessarily mean *always* doing something"). Although in such "pattern
11 and practice" cases a defendant may still establish the requisite amount if, in making its calculation,
12 it relies on extrapolations from admissible statistical evidence. *See LaCross,* 775 F.3d at 1202-03.

13 In this case, Plaintiff's complaint alleges that Defendant violated Labor Code Sections
14 "regularly" (*see* Compl. ¶ 41 (Third Cause of Action), or as a "pattern and practice." *See* Compl.
15 ¶ 28 (First Cause of Action), ¶¶ 34-36 (Second Cause of Action), ¶ 46 (Fourth Cause of Action),
16 ¶ 50 (Fifth Cause of Action), and does not allege uniform violations, *see generally* Doc. 1 Ex. 1.
17 Based on Plaintiff's general allegations of a "pattern and practice" and "institutionalized unwritten
18 policy that mandates these unlawful practices," the Court finds that Defendant cannot simply
19 assume a 100% violation rate. *See Ibarra*, 775 F.3d at 1198-99 & n.3.

20 To succeed, Defendant must demonstrate that its method of calculation is based on a
21 representative sample from admissible data, from which it "extrapolate[s] … for the entire class."
22 *LaCross,* 775 F.3d 1200, 1202-03 (9th Cir. 2015). To that end, Defendant relies on testimony from a
23 Payroll Lead at The Wood Group's sister company, The Wood Group Mustang, Inc., about two
24 reports submitted as evidence. *See* Houston Decl., Doc. 12-1 ¶ 1. Houston describes the first of the
25 two supporting reports, *see* Ex. A, Doc. 12-2, as data taken from a sample of pay periods (four from
26 each of the years 2012-2014). *See* Doc. 12-1 ¶ 3. About the second report, *see* Ex. B., Doc. 12-3,
27 Houston describes it as taken from a timekeeping report prepared by selecting a sample time frame
28 (May 2012 through the end of 2014), which she has exported into an Excel spreadsheet. *See* Doc.

5

12-1 ¶ 4. Upon review of the two reports submitted as summary-judgment-type evidence, the Court finds that the first is a list of employees by their employee number, giving their employment status and individual pay rate, and which lacks any statistical analysis or extrapolated calculation. *See* Doc. 12-2. The second report, the Excel spreadsheet, is indecipherable. *See* Doc. 12-2. It has no column headers, draws no apparent conclusions, and lacks any statistical analysis or extrapolation. *See id.* Absent from Houston's testimony is an assertion that she, or anyone else, performed a statistical analysis of the data. *See generally* Doc. 12-1.

Based on this paucity of evidence, the Court finds Defendant's assumption of a 100 percent violation rate unreasonable. *See Ibarra*, 775 F. 3d at 1199. Because Defendant relies on this unreasonable assumption to make its amount-in-controversy calculation, the Court finds Defendant's assertion that the figure exceeds $5 million to be merely speculative. *Id.* at 1197. Where, as here, Defendant has failed to meet its burden to prove the amount in controversy exceeds the requisite minimum, remand is appropriate. *Id.* at 1199 (finding remand "necessary").

**CONCLUSION**

For the foregoing reasons, **IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand (Doc. 6) is **GRANTED**. The case is remanded to the Superior Court for the State of California, County of Kern. Accordingly, **IT IS FURTHER ORDERED** that Defendant's Motion to Dismiss (Doc. 5) is **DISMISSED AS MOOT**. Finally, the Clerk of Court is directed to **CLOSE** the case.

IT IS SO ORDERED.

Dated:  __August 16, 2016__          _____/s/ Lawrence J. O'Neill_____
                                     UNITED STATES CHIEF DISTRICT JUDGE